UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOEL W. GREEN,

    Plaintiff,

vs.                                                  Case No.  3:07-cv-638-J-12MCR

UNITED STATES OF AMERICA,

    Defendant.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on the Motion to Intervene on Behalf of North Florida Shipyard, Inc. and American Longshore Mutual Association (Doc. 16) filed on November 27, 2007.  On December 5, 2007, Defendant the United States of America ("the United States") filed a memorandum in opposition to this Motion.  (Doc. 18).  On January 2, 2008, however, North Florida Shipyard, Inc. ("North Florida") and American Longshore Mutual Association ("American Longshore") (collectively "Movants") filed a reply memorandum, stating that the United States has withdrawn its opposition to their Motion to Intervene.  Similarly, Plaintiff has stated he does not oppose the Movant's request to intervene.

    Rule 24 of the Federal Rules of Civil Procedure addresses the issue of intervention.  Rule 24(a) requires a court to permit anyone to intervene if (1) a federal statute grants the person an unconditional right, or (2) if the movant claims an interest relating to the property or transaction that is the subject of the action and disposing of

the action would impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.  Fed. R. Civ. P. 24(a) (2007). Alternatively, a court may permit anyone to intervene who is given a conditional right to intervene by federal statute or who has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)

Here, the Movants have a direct interest in the property or transaction that is the subject of the pending action, as they are entitled to reimbursement for payments made to or on behalf of the Plaintiff.  While the Court at this time cannot find that the Movants may intervene as a matter of right, the Court will permit them to intervene under Federal Rule of Civil Procedure 24(b)(1).  Notably, the original parties to this action do not object to their intervention in light of the Movants' representation that they (a) do not intend to directly participate in written discovery and (b) have only requested Plaintiff's deposition to be coordinated with them.  As such, this Motion is due to be granted and the Movants are entitled to intervene in this action for the purpose of receiving copies of any discovery, pleadings, and deposition notices exchanged between Plaintiff and Defendant, and to be consulted when coordinating the scheduling of any mediations to be set in the future.

Accordingly, after due consideration, it is

**ORDERED**:

1. The Motion to Intervene on Behalf of North Florida Shipyard, Inc. and American Longshore Mutual Association (Doc. 16) is **GRANTED** in accordance with this order.

    2.    North Florida Shipyard, Inc. and American Longshore Mutual Association are entitled to file and serve their Complaint of Intervention upon the parties to this action.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  3rd  day of January, 2008.

                                           *Monte C. Richardson*
                                      MONTE C. RICHARDSON
                           UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party